The ROWLAND CORPORATION, a corporation, Appellant,

v.

INTEGRATED SYSTEMS TECHNOLOGY, INC., a corporation, Appellee.

No. 5203.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1972.

Rehearing Denied Dec. 28, 1972.

Zimmerman, Minick & Zimmerman, Dallas, for appellant.

Goldberg, Alexander, Sullivan & Strange (Robert I. Knopf), Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Rowland Corporation from summary judgment that it take nothing in suit to recover 10% commission of funds received for the sale of certain securities of the defendant Integrated Systems.

Plaintiff sued defendant upon a letter agreement which terminated a management contract. By the letter agreement, defendant agreed to pay plaintiff 10% of all sums invested in defendant's private placement note offering by certain named individuals. Defendant admits two of the named individuals invested a total of $85,000. in the note offering.

Plaintiff did not have a securities license at the time of the transaction.

■ The securities sales in question were exempt under Article 581–5I of the Texas Securities Act; (a Section 5 exemption).

When defendant refused to pay plaintiff $8,500., plaintiff sued for such sum. Defendant defended that the Texas Securities Act Article 581–34 bars recovery by plaintiff because plaintiff had no securities license.

The trial court sustained defendant's motion for summary judgment; held plaintiff's claim barred by Article 581–34 Texas Securities Act; and decreed plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in granting defendant's motion for summary judgment for reason that an exempt transaction under section 581–5I of the Texas Securities Act is not included within the bar of Section 581–34 of such Act."

Article 581–34 provides: "No person or company shall bring or maintain any action in the courts of this state for collection of a commission or a compensation for services rendered in the sale or purchase of securities, as that term is herein defined, without alleging and proving that such person or company was duly licensed under the provisions hereof and the securities so sold were duly registered under the provisions hereof at the time the alleged cause of action arose; provided, however that this section or provision of this act shall not apply to the exempt transactions set forth in Section 5 of this Act nor to the sale and purchase of exempt securities listed in Section 6 of this Act, when sold by a registered dealer."

■ The foregoing thus provides plaintiff cannot maintain action for commission in sale of securities unless: 1) it had a license, and 2) the securities were registered; *"provided (the above) * * shall not apply to exempt transactions set forth in Section 5 * * nor to * * exempt securities listed in Section 6 of this act, when sold by a registered dealer."*

The phrase "when sold by a registered dealer" applies to both Section 5 and Section 6 exemptions.

The non-application of requirement that plaintiff maintaining action for commission have license, is thus dependent on the sale of exempt securities being made by a registered dealer.

■ Plaintiff was not a registered dealer. Defendant was not a registered dealer.

Since the sale was not made by a registered dealer, plaintiff to maintain its action must allege and prove it had a license.

The judgment is correct. Plaintiff's point is overruled.

Affirmed.